UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLETTE EDWARDS** | **CASE NO. 5:24-CV-00730** |
| **VERSUS** | **JUDGE EDWARDS** |
| **CITY OF SHREVEPORT ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss (R. Doc. 4) filed by all defendants: the City of Shreveport; Mayor Tom Arceneaux; Adrian Perkins; John Nickelson; and Richard Hunter (collectively, "Defendants"). Plaintiff Charlette Edwards ("Plaintiff"), appearing *pro se*, opposes the motion. (R. Doc. 7).

### BACKGROUND

Plaintiff's claims arise out of a Shreveport City Council meeting that occurred on June 14, 2022.[1] The agenda for that meeting reflects the introduction of Resolution 88 ("RES 88"),[2] which reads as follows:

> To repeal amendment no. 1 to Resolution No. 87 of 2021 which added a clause to the contract between the City of Shreveport, Louisiana and C. Edwards Concept, LLC, requiring a performance bond be provided by the contractor, and to amend other portions of the contract to be consistent with the request for proposal, and to otherwise provide with respect thereto.[3]

C. Edwards Concepts, LLC, is a limited liability corporation formed under the laws of Louisiana.[4] Plaintiff is its sole member and manager.[5] In effect, RES 88 would have waived the

---

[1] R. Doc. 1, ¶ 16.
[2] R. Doc. 4-1, p.3.
[3] R. Doc. 4-1, p.3.
[4] R. Doc. 4-3.
[5] R. Doc. 4-3.

requirement for C. Edwards Concepts, LLC, to furnish a performance bond as a precondition to contracting with the City of Shreveport to perform recycling services.

In her Complaint, Plaintiff asserts that City Councilman John Nickelson ("Nickelson"), invited Richard Hunter ("Hunter"), the Risk Manager for the City of Shreveport, to provide testimony with respect to RES 88 at the meeting.[6] Hunter opposed RES 88, stating:

> The reason why I express my concerns is because I was asked to waive insurance requirements for this entity for 1 year. There's an email to that effect. And I was asked to waive the performance bond requirement. And, based on my years of experience,... and then looking at the financial health of this company, I could not in my right mind as a steward of the City and a fiduciary of the City recommend waiving insurance requirements for this vendor, or entity. I did a financial background check and found that the entity owns no property, owns only a vehicle, a 2013...Lexus SUV, has no garage facilities, has no trucks, has nothing. And my concerns are why would the City take on this much risk, and expose public taxpayers to this type of risk. I do find that there's been several judgments and liens against this entity from the Internal Revenue Service and from the State of Louisiana... I cannot in good faith...recommend that the City proceed without some type of protection with insurance contracts for this entity.[7]

Plaintiff filed the instant suit on May 29, 2024, alleging that Hunter performed an "illegal financial background check" and publicly released her financial information in this Council Meeting.[8] She further claims that the alleged financial background check was conducted without her consent, violating her rights under the Fair Credit Reporting Act ("FCRA").[9] Plaintiff also alleges that Hunter and Nickelson released their findings to the public with the sole intent to humiliate and intimidate her.[10] Edwards seeks damages of "not less than $3,000,000.00" for lost wages, loss of economic opportunity, physical and emotional distress, and harm to her reputation.[11]

---

[6] R. Doc. 1, ¶ 16.
[7] R. Doc. 4, p.4. Hunter's testimony was taken from the video footage of the June 14, 2022, City Council meeting.
[8] R. Doc. 1, ¶ 4.
[9] R. Doc. 1, ¶¶ 19-20. *See also* 15 U.S.C. § 1681, et seq.
[10] R. Doc. 1, ¶ 6.
[11] R. Doc. 1, p.12. To be discussed further below, Plaintiff broadly cites to the FCRA without particular subsections.

Defendants move to dismiss Plaintiff's claims. In their motion, Defendants first challenge Plaintiff's standing because the alleged financial background check was conducted on an LLC associated with Plaintiff, not Plaintiff as an individual.[12] Defendants also assert that the allegations set forth in Plaintiff's Complaint are insufficient to form a cognizable claim for relief under the FCRA, and that the Complaint makes no allegations against any Mayor Tom Arceneaux, former Mayor Adrian Perkins, and former City Councilman John Nickelson.[13]

**LAW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[14] A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[15] "[A] formulaic recitation of the elements of a cause of action will not do."[16] When evaluating a pleading, courts accept all factual allegations as true.[17] However, courts need not accept legal conclusions as facts.[18]

A pleading must contain enough information to give defendants fair notice of both the plaintiff's claims and the grounds on which they rest.[19] A plaintiff must allege enough facts to raise their claims beyond the level of speculation, by "nudg[ing] their claims across the line from conceivable to plausible."[20] A claim is facially "plausible" when it alleges sufficient factual content to permit the reasonable inference that the defendant is liable for unlawful conduct, thus

---

[12] R. Doc. 4, p.4-6.
[13] R. Doc. 4, p.4-10.
[14] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[15] *Id.* at 555.
[16] *Id.*
[17] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).
[20] *See Twombly,* 550 U.S. at 570.

giving rise to a "reasonably founded hope that the discovery process will reveal relevant evidence to support the claims."[21]

**ANALYSIS**

    A. **Standing**

Defendants first assert that Plaintiff lacks standing to bring any claim under FCRA because the alleged financial background check was related to "C. Edwards Concepts, LLC" and not the Plaintiff.[22] Defendants cite to: (1) the text of RES 88 which referred to "*the contract between the City of Shreveport [...] and C. Edwards Concepts, LLC,...*";[23] (2) Hunter's testimony referring to "*the entity*";[24] and (3) the text of contemplated recycling agreement, which could be viewed through a link included in the council agenda, that reflects that the agreement is between the City of Shreveport and "*C. Edwards Concepts, LLC.*"[25] Accordingly, Defendants assert that Plaintiff – a "private citizen,"[26] – has no standing to bring a claim for an injury allegedly sustained by a separate juridical entity, C. Edwards Concepts, LLC.[27]

In response, Plaintiff asserts that her Complaint "was filed as a natural person" under the FCRA, "not under the auspices of C. Edwards Concepts, LLC.[28] This Court construes this assertion as Plaintiff's effort to clarify that she is not seeking to bring any claim on behalf of the LLC and therefore Defendants' standing argument is moot. Accepting Plaintiff's position that she is not asserting any claims on behalf of C. Edwards Concepts, LLC, we now move to whether her Complaint is sufficient to state any claims on her own behalf.

---

[21] *Id.* at 559.
[22] R. Doc. 4, p.3-6. The Court notes that Defendants also deny that an "illegal financial background check" occurred.
[23] R. Doc. 4-1, p.3.
[24] R. Doc. 4, p.4.
[25] *See* R. Doc. 4-2, p.1.
[26] R. Doc. 1, ¶ 9.
[27] R. Doc. 4, p.6.
[28] R. Doc. 7, p.3-4.

### B. FCRA Claim

Put simply, FCRA governs the furnishing of consumer reports by consumer reporting agencies.[29] Important here, "consumer reports" are defined as the communication of any information by a "consumer reporting agency."[30] A "consumer reporting agency" is defined as any person who "regularly engages" in the "assembling or evaluating consumer credit information … for the purpose of furnishing consumer reports to third parties ... ."[31]

Defendants assert the information disclosed at the meeting did not fall within the scope of FCRA because the information did not come from "a consumer reporting agency" but rather "was available through public records, … or records available from public agencies in response to a public records request."[32] Plaintiff's opposition seizes upon Hunter's use of the terms "financial health" and "financial background check" as sufficient to trigger the protections of the Fair Credit Reporting Act.[33] However, the Plaintiff recognizes that the information contained in Hunter's testimony – i.e., the ownership of a 2013 Lexus, the lack of property and assets, and the tax liens – are "detailed in the Plaintiff's individual *public* records."[34]

Plaintiff fails to plausibly allege a claim under the FCRA by her admission that the information disclosed by Hunter came from the public domain. The use of the terms "financial background check" and "financial health" do not show how any information conveyed by Hunter was obtained from a consumer reporting agency in violation of FCRA. Plaintiff's characterization of the background check as "illegal" need not be considered by the Court as it is a legal conclusion.[35]

---

[29] 15 U.S.C. §1681, et seq.
[30] 15 U.S.C. §1681a(d)(1).
[31] 15 U. U.S.C. §1681a(f).
[32] Doc. 4, p.7
[33] Doc. 7, p. 4.
[34] Doc. 7, p.5-6 (emphasis added).
[35] R. Doc. 1, ¶ 16. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C. Claims against Arceneaux, Perkins and Nickelson.

Defendants accurately point out that the Plaintiffs' Complaint is "devoid" of any allegations against Mayor Tom Arceneaux and former Mayor Adrian Perkins. In response, Plaintiff states that her claims against them are based on their official capacity as mayor and former mayor. She claims that Mayor Perkins was in office at the time of the incident and is therefore responsible for Hunter's actions. She claims that Mayor Arceneaux is the current Mayor of Shreveport and as such he is responsible for "legal actions that prescribe under his tenure… ."[36] Having determined that Plaintiff has failed to state a claim under the FCRA, Plaintiff's assertion that these defendants are responsible for FCRA violations in their official capacity fails and the claims against these defendants will be dismissed.

Defendants assert that Plaintiff fails to state a claim that Nickelson violated the FCRA despite several references to him throughout the Complaint. Plaintiff responds that "Nickelson's promotion support and inclusion of this 'illegal background check' … demonstrates collusion …." Having determined that Plaintiff has failed to state a claim under the FCRA, her allegations against Nickelson also fail. Accordingly, all claims against Nickelson will be dismissed.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 26th day of March, 2025.



**JUDGE JERRY EDWARDS, JR**
**UNITED STATES DISTRICT COURT**

---

[36] R. Doc. 7, p.7.